DREW, Justice.
A motion has been made in this cause to dismiss the appeal because it was not timely
The judgment and sentence of death in this cause was entered May 31, 1968. While the record proper fails to establish the fact, according to an affidavit filed in this cause by the circuit judge who presided in the trial of the appellant said circuit judge did on the 31st day of May, 1968 extend the time for filing a motion for new trial from four days to fifteen days.[1] This would make June 17, 1968 the last day for filing a motion for new trial.[2] This is so because the 15th day did fall on Saturday, June 15, 1968. It therefore appears that the motion for new trial having been filed June 17, 1968 was timely filed. Therefore, the notice of appeal filed September 16, 1968, within 90 days from the date the motion for new trial was denied, was timely filed.[3]
Upon consideration of the foregoing, the motion of the State of Florida to dismiss the appeal is denied.
CALDWELL, C. J., and THOMAS, ROBERTS and ERVIN, JJ-, concur.

. The affidavit of the circuit judge states: “On May Slst, 1968, I did extend the time for filing an appeal in said case from four days to fifteen days.” This is undoubtedly a misprision and the words should have been “a motion for new trial.” This is established clearly by the contents of an order entered 19 September 1968 nunc pro tunc 1 August 1968 in which the motion for new trial was denied.

. Florida Rules of Criminal Procedure Rule 1.040, 83 F.S.A. provides:
“In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.”
Identical provisions are contained in Rules of Civil Procedure and Florida Appellate Rules, namely Rule 1.090, Rules of Civil Procedure, 30 F.S.A. and Rule 3.18, Florida Appellate Rules, 32 F.S.A. Also see Ch. 920.02(3) F.S.A. providing for extension of time for filing motions for new trial in criminal cases — superseded by Rule 1.590 Rules of Criminal Procedure which contains identical provisions.

.The time for taking an appeal from this judgment was 90 days. 924.09 F.S.A.